UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Avery Demond Jeter, | ) | |
| | ) | C/A No.: 7:11-cv-70099-GRA |
| Petitioner, | ) | (Cr. No.: 7:07-cr-00695-GRA) |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Avery Demond Jeter's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). The Government has filed a Response and a Summary Judgment Motion.[1] For the reasons set forth below, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED and Respondent's Motion for Summary Judgment is GRANTED.

**Background**

On September 9, 2007, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006) ("Count One"), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count

---
[1] The Petitioner submitted a Reply to Government's Response, and the Court has reviewed that as well.

Three"). *See* ECF No. 2 & 24. On January 15, 2009, this Court originally sentenced Petitioner to 262 months imprisonment which consisted of 120 months for Count one and 262 months concurrent for Count 3. ECF No. 72. During all district court hearings, Petitioner was represented by Michael D. Brown. *See* ECF No. 94, 95, & 120. On appeal, the Fourth Circuit appointed, at the request of the Petitioner, Ray Coit Yarborough as new counsel for his appeal. *See* ECF. No. 89. Subsequently, the Fourth Circuit remanded this case back to the district court in order to correct Petitioner's sentence because a sentence pursuant to § 924(c) is required by statute to run consecutive to any other sentence. *See* ECF No. 99.

On February 18, 2010, this Court again re-sentenced Petitioner to 262 months imprisonment, but imposed 120 months as to count one and 142 months consecutive as to Count 3. ECF No. 107. During the re-sentencing, Petitioner was represented by O. Cyrus Hinton. Then, on direct appeal to the Fourth Circuit Court of Appeals, Petitioner argued that the district court did not adequately state the reasoning for his sentence. *See United States v. Jeter*, 407 F. App'x 678, 680 (4th Cir. 2011) (per curiam). The Fourth Circuit held that any procedural sentencing error in failing to provide adequate explanation for the 262-month prison term in this case was harmless. *Id.*

Petitioner filed his § 2255 Motion on July 5, 2011, seeking to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel, that his guilty plea was not made knowingly and voluntarily, and that

his Fifth Amendment rights were allegedly violated by an illegal search after his arrest.

## Standard of Review

Petitioner brings this Motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, Section 2255 provides that a prisoner in custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. The court may grant relief on the

following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Generally, a petitioner must prove these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 546 (4th Cir. 1958) (per curiam).

In deciding a motion under § 2255, the court need not hold a hearing if the motion and the case record "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Moreover, if the motion, its attachments, and the records plainly show that the prisoner is not entitled to relief, the court must dismiss the motion. 28 U.S.C. § 2255, R. 4(b).

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party

must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

## Discussion

Petitioner's claims that there was ineffective assistance of counsel, that his guilty pleas was not made knowingly and voluntarily, and that his Fifth Amendment rights were allegedly violated by an illegal search after his arrest fail on the merits.

### I. Ineffective Assistance of Counsel

Petitioner alleges that his counsel rendered ineffective assistance of counsel in two respects. First, counsel failed to investigate his case or present readily available evidence during pre-trial. Second, counsel failed to challenge and move for suppression of the evidence found in the car that the Petitioner was driving at the time of arrest as a result of an allegedly illegal and warrantless search.

#### A. Failure to Investigate

In his first ground, Petitioner argues that counsel rendered ineffective assistance of counsel based on a failure to investigate his case thoroughly by his attorney. This argument is without merit.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance fell below an objective standard of

reasonableness and that (2), but for his counsel's deficiencies, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). With respect to reasonableness, the court must determine the reasonableness of the challenged conduct on the facts of the particular case at the time of the attorney's conduct. *Id.* at 690. The attorney's conduct must be "within the realm of competence demanded of attorneys in criminal cases." *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689 (directing that "[j]udicial scrutiny of counsel's performance must be highly deferential").

As for prejudice, a petitioner has the burden of proving that the alleged deficiencies were, in fact, prejudicial to the outcome of the proceeding. *Id.* at 694. He must demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Id.* at 693. Thus, even if counsel's performance falls outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error likely had no effect on the judgment. *Id.* at 694.

Here, there are no facts[2] that support Petitioner's allegation that his counsel did not provide effective assistance. Petitioner even stated at his guilty plea hearing that he was satisfied with his attorney when questioned by this Court.[3] Furthermore, in his supporting memorandum, Petitioner merely sets forth pages and pages of case law without an application of the law to his factual situation. *See* ECF No. 126-1. Furthermore, Petitioner had a chance in his Response to United States' Motion to Dismiss and Summary Judgment Procedure to give a summary of facts in his case that support his allegations, yet he merely stated case law again with no supporting facts. *See* ECF No. 133.

Thus, Petitioner has not met his burden. He has presented neither proof of inadequate representation nor evidence that such representation prejudiced his decision to enter a guilty plea. He has presented only conclusory allegations and accepting them as trust does not show that the result of the proceeding would have been different had his attorney acted otherwise. This claim of ineffective assistance of counsel is without merit and thus DENIED.

### B. Ineffectiveness for Not Challenging an Alleged Illegal Search

Petitioner also argues that counsel rendered ineffective assistance of counsel by failing to challenge an alleged illegal warrantless search of the Petitioner's car. Assuming, *arguendo*, that Mr. Brown erred by not challenging

---

[2] The Rules Governing § 2255 Proceedings Rule 2 states that "the motion must state the facts supporting each ground." Furthermore, the standard form used as the Motion Under 28 U.S.C. § 2255 urges petitioners not to cite law.

[3] Statements made on the record under oath that affirm satisfaction with representation are binding on the Petitioner absent strong evidence to the contrary. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison*, 432 U.S. 63 (1977)).

or objecting to evidence obtained through the search, Petitioner cannot assert this reason as a basis for ineffective counsel. Fourth Circuit case law states that a "voluntary and intelligent plea of guilty is an admission of all of the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." *See United States v. Willis*, 922 F.2d 489, 489–90 (4th Cir. 1993). Petitioner stated in open court that he understood the charges, the elements and the possible punishment as his plea hearing. *See* Guilty Plea Tr., ECF No. 94.

Furthermore, in *New York v. Belton*, 453 U.S. 454, 459–60 (1981), the Supreme Court held that a police officer does not violate the Fourth Amendment when he searches the passenger compartment of an automobile subsequent to a lawful custodial. However, in 2009, the Supreme Court limited *Belton* by holding that police may conduct an automobile search incident to a lawful arrest only when the arrestee is unsecured and within reaching distance within reaching distance of the passenger compartment or when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *See Arizona v. Gant*, 556 U.S. 332 (2009). Even if, *arguendo*, the search of Petitioner's car was actually an illegal warrantless search under *Gant*, the exclusionary rule does not apply to the evidence seized during the arrest because police searched the Petitioner's car in March 2007, over two years before *Gant* was decided and while *Belton* was still the primary authority on searches

incident to arrest.  *See Davis v. United States*, No. 09-11328 (June 16, 2011).  Therefore, this claim of ineffective assistance of counsel is also DENIED because the claim without merit

## II. Guilty Plea Was Not Made Knowingly And Voluntarily.

Next, Petitioner contends that his guilty plea was not made voluntarily or with an understanding of the nature of the charge and consequences of the plea. However, the Petitioner sets forth no proof of this allegation in his motion.  In fact, this allegation is contradicted by the record of his guilty plea hearing.  On September 25, 2007, the Petitioner pled guilty to counts one and three of his indictment.  ECF No. 24.  Throughout his plea colloquy, the Petitioner did not voice any complaints, agreed with the government's rendition of the facts in his case, and affirmed that he wished to enter a plea of guilty as to those facts presented by the government.  *See* ECF No. 94.  All of these assertions were made under oath.  *Id.*

Additionally, the Court has already made a determination that the Petitioner's guilty pleas was entered into knowingly and intelligently.  ECF No. 120, 20:3–17.  During a status conference on December 30, 2008, the Court denied a Motion to Withdraw the Petitioner's Guilty Plea by stating that the guilty plea "was made intelligently after being fully informed of your rights and the consequences of your rights."  *Id.*  Because a determination that the Petitioner's guilty plea was entered into willingly and knowingly and that the

Petitioner failed to introduce any evidence to the contrary, the Motion to Vacate as to this issue is DENIED.

### III. Fifth Amendment Violation

Next, Petitioner alleges a Fifth Amendment violation in regards to his indictment. Petitioner is mistaken in terms of which constitutional right he alleges is being violated. After liberally construing the pleadings, it is clear to the Court that Petitioner is in fact asserting a violation of his Sixth Amendment right to be informed of the charges against him instead of his Fifth Amendment right to indictment by a grand jury. Petitioner was, in fact, indicted by a grand jury.

Fed. R. Crim. P. 7(c) states that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. . . . It need not contain . . . any other matter not necessary to such statement." Also, in *Russell v. United States*, the Supreme Court stated that to ensure the defendant's Sixth Amendment right to know what he is charged with, the indictment must contain the elements of the offense intended to be charged and "sufficiently apprise[] the defendant of what he must be prepared to meet." 369 U.S. 749, 763–64 (1962).

Here. Petitioner's indictment along with the elements and penalties of each offense was read aloud in open court during Petitioner's guilty plea hearing. *See* ECF No. 94. Petitioner indicated that he understood the nature of his crime and that the facts read aloud by the Assistant United States Attorney were

correct. *See id.* As discussed above, the guilty plea was entered into knowingly and willingly by the Petitioner; thus, he is bound by his statements during that hearing. Furthermore, Petitioner's indictment clearly states the elements of each crime charged along with supporting facts, giving the defendant adequate notice of the charges against him. Therefore, this claim has no merits and is hereby DENIED.

### IV.	Miscellaneous Claims

Petitioner makes several allegations in his supporting memorandum, which are not stated as grounds in his § 2255 Motion. First, Petitioner claims that all facts that determined his punishment should be heard by a jury or admitted by him. *See* Pet'r's Supp. Mem., 28, July 5, 2011. By pleading guilty, Petitioner waived his right to trial. During the guilty plea colloquy, Petitioner acknowledged that by pleading guilty to his offenses that he waived the "right to a jury trial." *See* Guilty Plea Tr. 15–16, Sept. 25, 2007, ECF No. 94. Thus, this claim is without merit.

Additionally, Petitioner alleges that the sentence imposed by the Court was unreasonable. Petitioner has made similar arguments to the Court through his attorney and pro se filings. *See* Objections to PSR, ECF No. 61; Addendum to Objections to PSR, ECF No. 63; Proposed Mot. to Depart from the Guidelines, ECF No. 66; Sentencing Mem., ECF No. 68. All of which were ruled on previously by this Court throughout the course of this case.

**Conclusion**

A review of Petitioner's § 2255 Motion and the record plainly shows that Petitioner is not entitled to relief. Therefore, this Court shall deny the Motion. The Court declines to issue a certificate of appealability in this matter.[6]

**IT IS THEREFORE ORDERED** that the Respondent's Motion for Summary Judgment is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 15, 2011
Anderson, South Carolina

---

[6] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).