# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | | |
|---|---|---|
| Avery Demond Jeter, | ) | C/A No.: 7:12-cv-02470 |
| | ) | (Cr. No.: 7:07-cr-00695) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Avery Demond Jeter's Motion ("Petitioner") under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). For the reasons stated herein, Petitioner's Motion is DISMISSED.

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

It is well-established that, "[a]s a threshold matter, . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through a § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). However, Congress has significantly limited a prisoner's ability to file a second or successive § 2255 petition. In order to file a viable successive petition, a defendant's motion must be certified by the Court of Appeals. *See United States v. Winestock*, 340 F.3d 200,

205 (4th Cir. 2003); *In re Goodard*, 170 F.3d 435, 436 (4th Cir. 1999) (citing 28 U.S.C. § 2244(b)(3)). The petition for certification must contain: (1) "newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *See Rice*, 617 F.3d at 806–808; *Winestock*, 340 F.3d at 205 (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)). Here, Petitioner has filed two previous § 2255 motions. He filed the first § 2255 motion on July 8, 2011, which this Court denied. *See* ECF No. 126 & 134. The Fourth Circuit Court of Appeals dismissed his appeal after denying Petitioner a certificate of appealability. *See* ECF No. 145. Petitioner then filed a second §2255 motion on July 16, 2012. *See* ECF No. 146. This Court dismissed Petitioner's motion for lack of jurisdiction, because he failed to allege that he had obtained an order of certification from the Fourth Circuit that would authorize the successive motion. *See* ECF No. 147. In the present motion, Petitioner has again not received pre-filing authorization from the Fourth Circuit; therefore, this Court is without jurisdiction to hear this motion as it is a successive § 2255 petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED as an uncertified, successive petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 14, 2012
Anderson, South Carolina