UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Avery Demond Jeter,<br><br>             Petitioner,<br><br>v.<br><br>United States of America,<br><br>             Respondent. | Cr. No.: 7:07-cr-00695<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court upon Petitioner Avery Jeter's ("Petitioner's") *pro se* "Letter asking for reconsideration of my sentencing." ECF No. 164. Specifically, Petitioner challenges the presentence investigation report (PSR) and his sentencing as a career offender. *Id.* For the reasons stated herein, Petitioner's Motion is DISMISSED.

## **Background**

On September 9, 2007, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2006) ("Count One"), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count Three"). *See* ECF Nos. 2 & 24. On January 15, 2009, this Court sentenced Petitioner to 262 months imprisonment which consisted of 120 months on Count One and 262 months concurrent on Count Three. ECF No. 72. On direct appeal, the Fourth Circuit remanded this case back to the district court in order to correct Petitioner's sentence because a sentence pursuant to § 924(c) is required by statute to run consecutive to any other sentence. ECF Nos. 82 & 99.

On February 18, 2010, this Court again re-sentenced Petitioner to 262 months imprisonment, but imposed 120 months as to Count One and 142 months consecutive as to Count Three. ECF No. 107. On direct appeal to the Fourth Circuit, Petitioner argued that the district court did not adequately state the reasoning for his sentence. *See United States v. Jeter*, 407 F. App'x 678, 680 (4th Cir. 2011) (per curiam). The Fourth Circuit held that any procedural error in failing to provide adequate explanation for the 262-month sentence in this case was harmless. *Id.*

Subsequently, Petitioner filed a motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which this Court denied on September 15, 2011. ECF Nos. 126 & 134. Petitioner appealed this denial to the Fourth Circuit, and the Fourth Circuit affirmed the decision and denied a certificate of appealability on February 28, 2012. *See* ECF Nos. 142–45. Petitioner filed a second § 2255 petition on July 16, 2012, which this Court dismissed on July 23, 2012 for lack of jurisdiction since Petitioner failed to first obtain an order of certification from the Fourth Circuit that would authorize the successive motion. ECF Nos. 146 & 147. Petitioner filed a third § 2255 petition on August 24, 2012, which this Court dismissed on September 14, 2012 for the same reasons as his second § 2255 petition. ECF Nos. 155 & 157. On February 13, 2013, the Fourth Circuit denied Petitioner's request for an order authorizing the district court to consider a successive § 2255 petition. ECF No. 160. Subsequent to the Fourth Circuit's ruling, however, Petitioner has once again brought a *pro se* motion for relief before this Court. ECF No. 164.

## Standard of Review

Petitioner brings this motion *pro se.* District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

As a preliminary matter, the relief requested in Petitioner's "Letter asking for reconsideration of my sentencing" is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Generally, when federal prisoners seek relief from "their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010). Thus, because Petitioner is asking this Court to correct his sentence, the Court re-characterizes his letter as a § 2255 petition.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the number of § 2255 petitions that petitioners are allowed to file. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate

---

[1] When recharacterizing a *pro se* petitioner's motion as a § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (same). However, this notice must only be given "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion." *Id.* (emphasis added). After the first § 2255 petition, "all later collateral attacks must be seen for what they are . . . [and] *Castro*'s warn-and-allow-withdrawal approach does not apply." *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (finding no reversible error when a district court did not give a petitioner notice that it was construing his motion as a § 2255 motion because it was not his first § 2255 motion). Because this is Petitioner's fourth § 2255 motion and not his first, this Court is not required to notify him prior to construing the present letter as a § 2255 motion.

sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). The court of appeals will only allow a second or successive § 2255 petition if the petition contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2) (2006).

Here, Petitioner previously filed three § 2255 petitions, which were dismissed by this Court. *See* ECF Nos. 134, 147, & 157. Additionally, the Fourth Circuit Court of Appeals denied Petitioner's motion for an order authorizing this Court to consider a second or successive § 2255 petition. ECF No. 160. Petitioner has not received pre-filing authorization from the Fourth Circuit for the present motion; therefore, this Court is without jurisdiction to hear this motion as it is a successive § 2255 petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED as an uncertified, successive petition. This Court declines to issue a certificate of appealability in this matter.[2]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 27, 2013
Anderson, South Carolina

---

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").